FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2016 JUN -6 AM 10: 58

WALTER LEVANDOWSKI,

Plaintiff,

Case No.: 8:16cv1430T17TGW

vs.

UNITED STATES OF AMERICA,

Defendant.
_______________________________/

**COMPLAINT**

Plaintiff, Walter Levandowski, sues the Defendant, United States of America, and alleges:

1. This is a claim for medical malpractice and is brought against Defendant, the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

2. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1346 (b). Venue is appropriate in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1402 (b) because the acts and omissions giving rise to this action occurred in this District.

3. Plaintiff has presented his claim to the appropriate Federal Administrative Agency, to wit, the Department of Veterans Affairs, and the department finally denied Plaintiff's claim on February 23, 2016, and this Court therefore has jurisdiction pursuant to 28 U.S.C. § 2675.

TPA-37136
$400

4. Walter Levandowski is a Veteran of the United States Armed Forces, was entitled to the medical services and treatment from the VA, and had received medical services and treatment from the VA for a number of years.

5. All applicable conditions precedent, including all pre-suit requirements, to the bringing of this action have been satisfied and the undersigned counsel certifies that he has made a reasonable investigation of the facts and circumstances surrounding the care and treatment provided to Walter Levandowski at James A. Haley Veterans' Hospital and that investigation has given rise to a good faith belief that grounds exist for this action against the Defendant.

6. On March 1, 2016, Plaintiff served upon James A. Haley Veterans' Hospital and Dana Heck, Acting Chief Counsel of the U.S. Department of Veterans Affairs, a Notice of Intent to Initiate Litigation pursuant to Florida's medical malpractice statute. Plaintiff received no response to the notice and plaintiff has fully complied with all Florida statutory presuit requirements.

7. At all times material hereto, Defendant owned, operated, controlled, and maintained the James A. Haley Veterans' Hospital, a VA hospital and medical clinic in Tampa, Florida. Defendant, its agents and employees, accepted Walter Levandowski as a patient, created a doctor-patient relationship with him, and held themselves out as competent to provide hospital, medical, nursing, physician, pharmacy, and custodial care and services for him.

8. Defendant, at all times material and described herein, acted by and through its agents and employees when treating Walter Levandowski and Defendant's

agents, employees and servants were acting within the scope of their agency and employment when caring for Mr. Levandowski.

9. On or about June 10, 2014, Walter Levandowski was admitted to James A. Haley Veterans' Hospital for left total hip arthroplasty.

10. Complications from the surgical procedure and presurgical care resulted in Mr. Levandowski developing a left foot drop, on or about June 14, 2014, causing his foot to drop to the side while Mr. Levandowski was in bed. The hospital staff placed a Multipodus boot on Mr. Levandowski's left foot to keep his foot in place. In caring for and treating him thereafter, Defendant's employees failed to periodically and appropriately check this boot, instructed him to use the boot even while in bed, and failed to check appropriately to prevent the development of pressure sores.

11. On or about August 5, 2014, Mr. Levandowski was transferred to the rehabilitation unit at James A. Haley Veterans' Hospital. At that time, the boot was removed, revealing pressure ulcers and skin wounds that had developed on multiple areas of Mr. Levandwoski's left foot, toes, heel, ankle and leg.

12. Walter Levandowski continued to have infections and complications from the left foot ulcers and skin wounds, requiring numerous treatment interventions, management with wound care and podiatry, and, eventually, surgical intervention.

13. Ultimately, on January 24, 2015, Mr. Levandowski underwent an amputation of his left leg below the knee, which was the end result and proximately caused by complications caused by the earlier development of pressure sores.

14. Defendant, acting by and through its agents and employees, negligently furnished, and failed to provide appropriate hospital, medical, nursing, pharmacy, and custodial care to Walter Levandowski, which negligence was a proximate cause of the amputation of Mr. Levandowski's left leg.

15. Defendant and its agents and employees had an independent obligation and a continuing duty to appropriately assess and re-assess Mr. Levandowski's risk for developing a pressure ulcer during each nursing bedside assessment and take action to address any identified risks.

16. Defendant owed to Walter Levandowski a duty of reasonable care and a duty to assess, care for, treat, and communicate with him in accordance with the prevailing professional standard of care.

17. Defendant and its agents and employees breached their duties of reasonable care, were negligent, and breached the prevailing professional standards of care in caring for and treating Walter Levandowski, by among other things:

(a) failing to appropriately assess and re-assess Mr. Levandowski's risk for developing a pressure ulcer during each nursing bedside assessment;

(b) failing to take action to address any identified development of pressure sores or to identify pressure sores that with the exercise of reasonable care should have been identified;

(c) failing to assess Mr. Levandowski's skin during each nursing bedside assessment following removal of all prevention ulcer/DVT devices (TED hose, ScD's, Multipodus boots) used during his hospitalization; and

(d) failing to timely discover, diagnose, treat, and care for pressure ulcers that developed on Mr. Levandowski while admitted to James A. Haley Hospital.

18. As a direct and proximate result of the Defendant's negligence described above, Walter Levandowski suffered from pressure ulcers and skin wounds, infections, and, ultimately, the loss of his left leg below the knee, and has suffered further medical complications therefrom.

19. But for the Defendant's negligence described above, Walter Levandowski would not have suffered from pressure ulcers and skin wounds, resulting infections, the loss of his left leg below the knee, and complications that followed.

20. As a direct and proximate result of the above described incident and specifications of negligence, Walter Levandowski has in the past and will in the future suffer and incur the following damages: cost and expense of medical care, attention and treatment, the cost and expense of travel necessary to secure said medical care, attention and treatment, and the cost of related medical expenses; cost and expense of redesigning and remodeling his living space to accommodate his disability and activities of daily living; physical and mental pain and suffering; disability and physical impairment; disfigurement; mental anguish; inconvenience; and loss of capacity for the enjoyment of life.

**WHEREFORE**, Walter Levandowski prays for recovery of money damages against Defendants and for costs and interest as provided by law.

/s/ Alan F. Wagner
ALAN F. WAGNER, ESQUIRE
Florida Bar No. 0374105
Trial Counsel for Plaintiff
Wagner McLaughlin, P.A.
601 Bayshore Blvd., Suite 910
Tampa, Florida 33606
Telephone: (813) 225-4000
Facsimile: (813) 225-4010
AlanWagner@WagnerLaw.com